**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| WIRELESS MOBILE DEVICES LLC, | |
| Plaintiff, | **Case No. _____** |
| v. | **JURY TRIAL DEMANDED** |
| LG CORPORATION; LG ELECTRONICS U.S.A., INC.; AT&T INC.; AT&T MOBILITY LLC; VERIZON COMMUNICATIONS INC.; CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; T-MOBILE US, INC.; SPRINT NEXTEL CORPORATION; SPRINT SOLUTIONS, INC; and SPRINT SPECTRUM L.P., | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiff Wireless Mobile Devices LLC files this Original Complaint against LG Corporation; LG Electronics U.S.A., Inc.; AT&T Inc.; AT&T Mobility LLC; Verizon Communications Inc.; Cellco Partnership d/b/a Verizon Wireless; T-Mobile US, Inc.; Sprint Nextel Corporation; Sprint Solutions, Inc.; and Sprint Spectrum, L.P. (collectively, "Defendants") for infringement of U.S. Patent No. 6,560,604 ("the '604 patent"); U.S. Patent No. 7,082,365 ("the '365 patent"); U.S. Patent No. 7,856,315 ("the '315 patent"); U.S. Patent No. 8,014,939 ("the '939 patent"); U.S. Patent No. 7,321,826 ("the '826 patent"); and/or U.S. Patent No. 8,301,371 ("the '371 patent").

## THE PARTIES

1.      Wireless Mobile Devices LLC is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      LG Corporation is a South Korea corporation with its principal place of business in Seoul, South Korea.  On information and belief, this Defendant may be served with process at its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

3.      LG Electronics U.S.A., Inc. (with LG Corporation, "LG") is a Delaware corporation with its principal place of business in Englewood Cliffs, New Jersey.   This Defendant may be served with process in Delaware through its registered agent, United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4.      AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process in Delaware through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.      AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant may be served with process in Delaware through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York City, New York.  This Defendant may be served with process in Delaware through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Cellco Partnership d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.   This Defendant may be served with process in Delaware through its

registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.      T-Mobile US, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington.  This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.      Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process in Kansas through its registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

10.     Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.  This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11.     Sprint Spectrum L.P. (with Sprint Nextel Corporation and Sprint Solutions, Inc., "Sprint"), is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

12.     Wireless Mobile Devices LLC brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

14.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,560,604)

15.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 14 herein by reference.

16.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

17.     Wireless Mobile Devices LLC is the exclusive licensee of the '604 patent, entitled "System, method, and apparatus for automatically and dynamically updating options, features, and/or services available to a client device," with ownership of all substantial rights in the '604 patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the

exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '604 patent is attached as Exhibit A.

18.     The '604 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

19.     LG has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, the LG Spirit 4G, and the LG Optimus G.  LG and persons who acquire and use such devices, including LG's customers, have, at a minimum, directly infringed the '604 patent, and LG is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

20.     AT&T has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro.  AT&T and persons who acquire and use such devices, including AT&T's customers, have, at a minimum, directly infringed the '604 patent, and AT&T is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

21.     Verizon has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Lucid 2.  Verizon and persons who acquire and use such devices, including Verizon's customers,

5

have, at a minimum, directly infringed the '604 patent, and Verizon is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

22.     T-Mobile has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Spirit 4G.   T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '604 patent, and T-Mobile is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

23.     Sprint has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G.  Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '604 patent, and Sprint is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

24.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,082,365)

25.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 24 herein by reference.

26.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

27.     Wireless Mobile Devices LLC is the exclusive licensee of the '365 patent, entitled "Point of interest spatial rating search method and system," with ownership of all substantial rights in the '365 patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '365 patent is attached as Exhibit B.

28.     The '365 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

29.     LG has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, the LG Spirit 4G, and the LG Optimus G.  LG and persons who acquire and use such devices, including LG's customers, have, at a minimum, directly infringed the '365 patent, and LG is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

30.     AT&T has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus

G Pro. AT&T and persons who acquire and use such devices, including AT&T's customers, have, at a minimum, directly infringed the '365 patent, and AT&T is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

31.     Verizon has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Lucid 2. Verizon and persons who acquire and use such devices, including Verizon's customers, have, at a minimum, directly infringed the '365 patent, and Verizon is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

32.     T-Mobile has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Spirit 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '365 patent, and T-Mobile is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

33.     Sprint has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G. Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a

minimum, directly infringed the '365 patent, and Sprint is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

34.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,856,315)

35.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 34 herein by reference.

36.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

37.     Wireless Mobile Devices LLC is the exclusive licensee of the '315 patent, entitled "Method and system for enabling an off board navigation solution," with ownership of all substantial rights in the '315 patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '315 patent is attached as Exhibit C.

38.     The '315 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

39.     LG has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at

least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, the LG Spirit 4G, and the LG Optimus G.  LG and persons who acquire and use such devices, including LG's customers, have, at a minimum, directly infringed the '315 patent, and LG is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

40.     AT&T has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro.  AT&T and persons who acquire and use such devices, including AT&T's customers, have, at a minimum, directly infringed the '315 patent, and AT&T is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

41.     Verizon has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Lucid 2.  Verizon and persons who acquire and use such devices, including Verizon's customers, have, at a minimum, directly infringed the '315 patent, and Verizon is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

42.     T-Mobile has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG

Spirit 4G.  T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '315 patent, and T-Mobile is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

43.     Sprint has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G.  Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '315 patent, and Sprint is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

44.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,014,939)

45.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 44 herein by reference.

46.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

47.     Wireless Mobile Devices LLC is the exclusive licensee of the '939 patent, entitled "Point of interest spatial rating search," with ownership of all substantial rights in the '939

patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '939 patent is attached as Exhibit D.

48.     The '939 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

49.     LG has directly infringed and continues to directly infringe one or more claims of the '939 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 24, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, and the LG Optimus G.  LG and persons who acquire and use such devices, including LG's customers, have, at a minimum, directly infringed the '939 patent, and LG is thereby liable for direct infringement of the '939 patent pursuant to 35 U.S.C. § 271.

50.     AT&T has directly infringed and continues to directly infringe one or more claims of the '939 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 24, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro.  AT&T and persons who acquire and use such devices, including AT&T's customers, have, at a minimum, directly infringed the '939 patent, and AT&T is thereby liable for direct infringement of the '939 patent pursuant to 35 U.S.C. § 271.

51.     Verizon has directly infringed and continues to directly infringe one or more claims of the '939 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 24, by, among other things, making, using, offering for sale, selling

and/or importing computerized communication devices including, without limitation, the LG Lucid 2.  Verizon and persons who acquire and use such devices, including Verizon's customers, have, at a minimum, directly infringed the '939 patent, and Verizon is thereby liable for direct infringement of the '939 patent pursuant to 35 U.S.C. § 271.

52.     Sprint has directly infringed and continues to directly infringe one or more claims of the '939 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 24, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G.  Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '939 patent, and Sprint is thereby liable for direct infringement of the '939 patent pursuant to 35 U.S.C. § 271.

53.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,321,826)

54.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 53 herein by reference.

55.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

56.     Wireless Mobile Devices LLC is the exclusive licensee of the '826 patent, entitled "Point on interest spatial rating search," with ownership of all substantial rights in the '826 patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '826 patent is attached as Exhibit E.

57.     The '826 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

58.     LG has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, the LG Spirit 4G, and the LG Optimus G.  LG and persons who acquire and use such devices, including LG's customers, have, at a minimum, directly infringed the '826 patent, and LG is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

59.     AT&T has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro.  AT&T and persons who acquire and use such devices, including AT&T's customers, have, at a minimum, directly infringed the '826 patent, and AT&T is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

60.     Verizon has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Lucid 2. Verizon and persons who acquire and use such devices, including Verizon's customers, have, at a minimum, directly infringed the '826 patent, and Verizon is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

61.     T-Mobile has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Spirit 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '826 patent, and T-Mobile is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

62.     Sprint has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G.  Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '826 patent, and Sprint is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

63.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile

Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 8,301,371)

64.    Wireless Mobile Devices LLC incorporates paragraphs 1 through 63 herein by reference.

65.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

66.    Wireless Mobile Devices LLC is the exclusive licensee of the '371 patent, entitled "Point of interest spatial rating search method and system," with ownership of all substantial rights in the '371 patent.  Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants.  A true and correct copy of the '371 patent is attached as Exhibit F.

67.    The '371 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

68.    LG has contributorily infringed and continues to contributorily infringe one or more claims of the '371 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 10, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, the LG Lucid 2, and the LG Optimus G, where such devices are a material component of the inventions claimed in the '371 patent.  The infringing hardware and software

components of the LG Optimus G Pro, the LG Lucid 2, and the LG Optimus G are used to collect rating information about a point of interest and have no substantial non-infringing uses as such hardware and software relate to the '371 patent.

69.    End users of the LG Optimus G Pro, the LG Lucid 2, and the LG Optimus G directly infringe at least claim 10 of the '371 patent when they use these devices to collect rating information about a point of interest and otherwise use the LG devices to perform the method as described in the claims, including claim 10, of the '371 patent.

70.    LG had notice, at least through Wireless Mobile Devices LLC's filing of this Complaint, that its making, using, offering for sale, selling and/or importing in the United States of the computerized communications devices constituted contributory infringement of the '371 patent, including at least claim 10.

71.    AT&T has contributorily infringed and continues to contributorily infringe one or more claims of the '371 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 10, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Optimus G Pro, where such devices are a material component of the inventions claimed in the '371 patent.  The infringing hardware and software components of the LG Optimus G Pro are used to collect rating information about a point of interest and have no substantial non-infringing uses as such hardware and software relate to the '371 patent.

72.    End users of the LG Optimus G Pro directly infringe at least claim 10 of the '371 patent when they use this device to collect rating information about a point of interest and otherwise use the LG Optimus G Pro to perform the method as described in the claims, including claim 10, of the '371 patent.

73.     AT&T had notice, at least through Wireless Mobile Devices LLC's filing of this Complaint, that its making, using, offering for sale, selling and/or importing in the United States of the computerized communications devices, including the LG Optimus G Pro, constituted contributory infringement of the '371 patent, including at least claim 10.

74.     Verizon has contributorily infringed and continues to contributorily infringe one or more claims of the '371 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 10, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the LG Lucid 2, where such devices are a material component of the inventions claimed in the '371 patent.  The infringing hardware and software components of the LG Lucid 2 are used to collect rating information about a point of interest and have no substantial non-infringing uses as such hardware and software relate to the '371 patent.

75.     End users of the LG Lucid 2 directly infringe at least claim 10 of the '371 patent when they use this device to collect rating information about a point of interest and otherwise use the LG Lucid 2 to perform the method as described in the claims, including claim 10, of the '371 patent.

76.     Verizon had notice, at least through Wireless Mobile Devices LLC's filing of this Complaint, that its making, using, offering for sale, selling and/or importing in the United States of the computerized communications devices, including the LG Lucid 2, constituted contributory infringement of the '371 patent, including at least claim 10.

77.     Sprint has contributorily infringed and continues to contributorily infringe one or more claims of the '371 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 10, by, among other things, making, using, offering for sale,

selling and/or importing computerized communication devices including, without limitation, the LG Optimus G, where such devices are a material component of the inventions claimed in the '371 patent.  The infringing hardware and software components of the LG Optimus G are used to collect rating information about a point of interest and have no substantial non-infringing uses as such hardware and software relate to the '371 patent.

78.     End users of the LG Optimus G directly infringe at least claim 10 of the '371 patent when they use this device to collect rating information about a point of interest and otherwise use the LG Optimus G to perform the method as described in the claims, including claim 10, of the '371 patent.

79.     Sprint had notice, at least through Wireless Mobile Devices LLC's filing of this Complaint, that its making, using, offering for sale, selling and/or importing in the United States of the computerized communications devices, including the LG Optimus G, constituted contributory infringement of the '371 patent, including at least claim 10.

80.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JOINDER OF PARTIES**

81.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 80 herein by reference.

82.     On information and belief, each of AT&T, Verizon, Sprint and T-Mobile has purchased or otherwise obtained from LG devices for sale, resale, and/or distribution to

consumers that are the subject of Counts I, II, III, IV, V, and/or VI.  Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint and/or T-Mobile is asserted jointly, severally, or in the alternative against LG.

83.     The alleged infringement of counts I through VI arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling and/or importing of the LG devices that are the subjects of Counts I through VI.

84.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by the LG devices.

85.     Thus, joinder of LG, AT&T, Verizon, Sprint and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

Wireless Mobile Devices LLC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wireless Mobile Devices LLC requests that the Court find in its favor and against Defendants, and that the Court grant Wireless Mobile Devices LLC the following relief:

a.     Judgment that one or more claims of the '604, '365, '315, '939, '826 and/or '371 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringements Defendants have contributed;

b.     Judgment that Defendants account for and pay to Wireless Mobile Devices LLC all damages to and costs incurred by Wireless Mobile Devices LLC because of Defendants' infringing activities and other conduct complained of herein;

c.      Judgment that Defendants account for and pay to Wireless Mobile Devices LLC a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.      That Wireless Mobile Devices LLC be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.      That Wireless Mobile Devices LLC be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  May 17, 2013**                              Respectfully submitted,

/s/ Barry J. Bumgardner
Barry J. Bumgardner
Texas State Bar No. 00793424
Attorney-in-Charge
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
barry@nbclaw.net

**Attorney for Plaintiff**
**Wireless Mobile Devices LLC**